UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA IRENE FALLETTI,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | No. 2:15-cv-0778 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff asserts that the ALJ erred in his treatment of medical opinion. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In March of 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on April 23, 2004. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 7 & 9.)

1

("Tr.") at 15, 232-34, 240-50.) Plaintiff's applications were denied initially, (id. at 120-24), and upon reconsideration. (Id. at 130-34.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on August 21, 2013. (Id. at 36-51.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 36-37.) In a decision issued on October 17, 2013, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since April 23, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: personality disorder; depression; anxiety disorder; and cannabis abuse (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can do nonpublic, simple, repetitive tasks with only occasional interaction with co-workers and supervisors.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on October 9, 1976 and was 27 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/////

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 23, 2004, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 17-29.)

On February 19, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's October 17, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 10, 2015. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so,

3

>       proceed to step three. If not, then a finding of not disabled is appropriate.
>
>       Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>       Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>       Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts that the ALJ's treatment of the medical opinion evidence constituted error. Specifically, plaintiff challenges the ALJ's treatment of June 7, 2012 opinion of Dr. Deborah Schmidt. (Pl.'s MSJ (Dkt. No. 16-1) at 20-24.[2])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

/////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, on June 7, 2012, Dr. Schmidt examined plaintiff and opined, in relevant part, that plaintiff:

> … possesses the intellectual ability to carry out and understand only very simple instructions and tasks . . . . . Her scores on the WMS-III, however, suggest that she is suffering from significant auditory short-term memory deficits, as well as problems with attention and concentration, which likely would interfere with her ability to perform various tasks in a work setting . . . . The present results suggest that she possesses the capability of being able to respond in a socially appropriate manner with peers or supervision; however she likely would have difficulty managing her anxiety and emotions if she is confronted with stress and/or change.

(Tr. at 587.)

The ALJ's decision fully discussed Dr. Schmidt's opinion and assigned it "partial weight," as the ALJ found that Dr. Schmidt's opinion was not sufficiently restrictive. (Id. at 26.) In this regard, the ALJ found that although Dr. Schmidt opined that plaintiff "would be able to respond in a socially appropriate manner with peers or supervision," that finding was "inconsistent with evidence" that plaintiff "has become more isolating over time and often has frequent crying and panic episodes when stressed." (Id.)

The ALJ's residual functional capacity ("RFC") determination largely reflects the limitations identified by Dr. Schmidt's opinion and specifically limits plaintiff to simple,

5

1  repetitive tasks. (Id. at 20.) The ALJ's RFC, however, fails to account for Dr. Schmidt's
2  concerns about plaintiff's ability to manage her anxiety and emotions if she was confronted with
3  stress and/or change. (Id.)

4      A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations."
5  20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5
6  (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his
7  physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the
8  ALJ must consider the combined effects of an applicant's medically determinable impairments on
9  the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater,
10 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical opinions as
11 well as the combined effects of all of the plaintiff's impairments, even those that are not "severe."
12 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003).
13 "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v.
14 Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a
15 claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec.
16 Admin., 466 F.3d 880, 883 (9th Cir. 2006).

17     Moreover,

> [t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, *and usual work situations*; *and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base*. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

23 Social Security Ruling 85-15, 1985 WL 56857, at *4 (emphasis added).

24     In this regard, the ALJ's RFC determination fails to address plaintiff's ability to deal with
25 stress and changes in a routine work setting, as indicated by Dr. Schmidt's opinion. Moreover,
26 the ALJ offered no reason for failing to credit Dr. Schmidt's opinion with respect to these
27 limitations. See Bagby v. Commissioner of Social Sec., 606 Fed. Appx. 888, 890 (9th Cir. 2015)
28 ("The ALJ's RFC assessment limited Bagby to 'simple, repetitive tasks,' no contact with the

public, and 'occasional interaction with coworkers.'  It did not reflect Dr. Stuckey's finding that Bagby was limited in her ability to '[r]espond appropriately to usual work situations and to changes in a routine work setting.'  This is distinct from Bagby's limited ability to interact with others, to understand, remember, and follow 'complex instructions,' and to 'make judgments on complex work-related decisions.'"); Richardson v. Colvin, Case No. 2:15-CV-07779 (VEB), 2016 WL 4487823, at *5 (C.D. Cal. Aug. 25, 2016) ("The ALJ's RFC determination includes a restriction to simple, routine tasks and limited contact with co-workers and the public (consistent with Dr. Izzi's findings), but contains no limitations regarding Plaintiff's ability to respond to supervision or respond appropriately to usual work situations and changes in a routine work setting.  As discussed above, Dr. Izzi assessed moderate limitations in this regard.  The ALJ erred by accepting Dr. Izzi's opinion, but then failing to explain why she did not accept or incorporate important aspects of that opinion into Plaintiff's RFC."); Webster v. Colvin, No. 1:11CV101, 2014 WL 4060570, at *5 (M.D. N.C. Aug. 15, 2014) ("ALJ acknowledges none of this contrary evidence, and his attempt to give Plaintiff 'the full benefit of the doubt' by finding her limited to routine, repetitive work fails to meaningfully address the need for (1) a stable and/or low stress work environment"); 20 C.F.R. § 416.921(b) (describing "basic work activities" to include, separately, "(3) Understanding, carrying out, and remembering simple instructions; . . . (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting").

Nor did the ALJ's hypothetical question to the Vocational Expert ("VE") include any limitation on plaintiff's ability to deal with stress or change.  (Tr. at 49-50.)  In this regard, it appears that the ALJ's question to the VE failed to account for all of plaintiff's limitations.  See Bagby, 606 Fed. Appx. at 890 ("Because the RFC assessment failed to include all of Bagby's credible limitations, the ALJ posed an incomplete hypothetical to the vocational expert."); Lancellotta v. Secretary of Health and Human Services, 806 F.2d 284, 285 (1st Cir. 1986) ("Lancellotta illuminates the problem with the ALJ's conclusions by accurately observing that stress is not a characteristic of a job, but instead reflects an individual's subjective response to a particular situation.  Thus, even if most individuals would not find it particularly stressful to do

the jobs listed in the ALJ's decision, we have no evidence showing that Lancellotta, who suffers from a severe mental impairment, would react the same way.  Without an evaluation of Lancellotta's vocational abilities in light of his anxiety disorder, there is no basis for the ALJ's conclusion that he can perform low stress work").

Accordingly, plaintiff is entitled to summary judgment on her claim that the ALJ's treatment of the medical opinion offered by Dr. Schmidt constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues "this case should be . . . remanded for further proceedings because the ALJ's determination of non-disability was unsupported by substantial evidence," and the court agrees.  (Pl.'s MSJ (Dkt. No. 16-1) at 24.)

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment (Dkt. No. 16) is granted;

    2. Defendant's cross-motion for summary judgment (Dkt. No. 18) is denied;

    3. The Commissioner's decision is reversed; and

    4. This matter is remanded for further proceedings consistent with this order.

Dated: March 10, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\falletti0778.ord